IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH MARTINEZ,

    Petitioner,　　　　　　　　No. CIV-S-05-1887 GEB KJM P

  vs.

GEORGE GUIRBINO, et al.,

    Respondents.　　　　　　　FINDINGS AND RECOMMENDATIONS

                         /

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss in which he argues that petitioner's habeas application is time-barred.

        Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on April 15, 2003 when time expired for petitioner to file an application for writ of certiorari with the United States Supreme Court concerning the January 15, 2003 denial of his petition for review by the California Supreme Court. See Resp't's Lodged Docs. 3 & 4; Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent any tolling of the limitations period, the period ran out one year later on April 15, 2004. This action was not commenced until September 19, 2005.

Title 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this action, petitioner filed three applications for state court relief. The first petition was filed in the Superior Court of San Joaquin County on February 25, 2003, before the limitations period began to run, and was denied on May 8, 2003. Resp't's Lodged Docs. 5 & 6.[1] The second was filed in the California Court of Appeal on July 29, 2003 and denied on August 21, 2003. Resp't's Lodged Docs. 7 & 8. The third was filed in the California Supreme Court on

---

[1] Respondent points out correctly that a state habeas action is deemed "filed" for purposes of tolling the statute of limitations in a § 2254 action on the day the habeas petitioner handed the state petition to prison officials for mailing. Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002). The court is unable to give petitioner the benefit of this "mailbox rule" here, because it is not clear when petitioner submitted any of his state habeas actions to prison officials for mailing. The inability to apply the rule in this case, however, does not affect the resolution of respondent's motion to dismiss.

1  November 21, 2003, and was denied on September 22, 2004.  Resp't's Lodged Docs. 9 & 10.
2  Respondent concedes that petitioner is entitled to tolling during these intervals.  Petitioner also is
3  entitled to tolling of the limitations period between September 22, 2004 and October 22, 2004,
4  under Bunney v. Mitchell, 262 F.3d 973 (9th Cir. 2001).  There is nothing in the record
5  suggesting the limitations period should be tolled between October 23, 2004 and the date this
6  action was filed on September 19, 2005.  During that period of time, the limitations period ran
7  for 331 days.

8    Whether or not this case is time-barred turns on whether petitioner is entitled to
9  tolling of the limitations period for the times between petitioner's pending state court
10 applications for collateral relief:  May 9, 2003-July 28, 2003 and August 22, 2003-November 20,
11 2003.  Respondent argues that petitioner is not entitled to tolling during those periods of time
12 because his appellate and supreme court applications were not timely filed.

13    In Carey v. Saffold, 536 U.S. 214 (2002), the Supreme Court held that only a
14 timely state court application for collateral relief tolls the limitations period applicable in § 2254
15 actions for the time between the lower court's adverse decision and the filing of the application
16 in a higher court.  Id. at 222-23.  The Court also noted that, in California, an application for
17 collateral relief is timely if it was filed within a "reasonable" time.  Id. at 221.

18    More recently, in Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846 (2006), the
19 Supreme Court clarified that, under the current state of the law, collateral actions filed in
20 California courts more than sixty days after a lower court's denial of the same application are not
21 timely unless some valid reason is provided for a longer delay.  Evans, 126 S. Ct. at 854.

22    Here, petitioner fails to provide any explanation for the sixty-plus day delays in
23 filing his collateral actions in the California Court of Appeal and California Supreme Court.
24 Because petitioner waited eighty-one days after the denial of his superior court application to file
25 his appellate court application, and then waited ninety-one days from the denial of his appellate
26 court application to file in the California Supreme Court, petitioner is precluded under Evans

from receiving tolling for either period.  As a result, his filing in this court was well past the date it would have been considered timely.  Thus, this action must be dismissed as time-barred.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's July 10, 2006 motion to dismiss be granted; and

2. This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 6, 2007.

_____
U.S. MAGISTRATE JUDGE

1
mart1887.157